IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KATIE M. KONONEN and
JEFF L. COOPER**,

         Plaintiffs,

    v.

**BANFIELD PET HOSPITAL and
DR. ASHLEY KATE HAGENLOH**,

         Defendants.

_____

**Civ. No. 6:23-cv-00397-MC**

**ORDER**

**MCSHANE, Judge**:

      Plaintiffs Katie Kononen and Jeff Cooper, proceeding *pro se*, bring this Application for

Leave to Proceed *in forma pauperis* ("IFP"), ECF No. 2, in an action against Banfield Pet

Hospital and veterinarian Ashley Hagenloh for the negligent medical care of Plaintiffs' pet dog,

Skylar. Compl., ECF No. 1. Plaintiffs took Skylar to Banfield Pet Hospital after Skylar became

ill. *Id.* at 3. Dr. Hagenloh saw Skylar and wanted to do bloodwork, which Plaintiffs agreed to. *Id.*

While at Banfield Pet Hospital, Skylar suffered a seizure. *Id.* Dr. Hagenloh instructed Plaintiffs

to take Skylar to another hospital because they did not have the proper equipment to treat Skylar

at Banfield. *Id.* Dr. Hagenloh informed Plaintiffs that the cost to treat Skylar elsewhere would be

$4,000 to $7,000 and there was no guarantee that Skylar would survive. *Id.* Based on Dr.

Hagenloh's statements, Plaintiffs decided that Skylar should be euthanized. *Id.* Plaintiffs allege

that Dr. Hagenloh provided negligent medical care for Skylar and misrepresented that Plaintiffs'

1 – ORDER

only options were paying thousands of dollars for emergency care or euthanizing Skylar. *Id.* Plaintiffs further assert that Banfield Pet Hospital's title as a hospital is misleading. *Id.*

The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted. Pleadings by pro se plaintiffs are construed liberally and afforded "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). The Court must give a pro se litigant "leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted).

To survive an assessment under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Under this standard, a plaintiff's alleged facts must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must assume that the allegations contained in the complaint are true. *Id.*

Plaintiffs' Complaint suffers from a number of deficiencies. Federal courts are courts of limited jurisdiction, therefore, a plaintiff suing in federal court must bring a case either under diversity jurisdiction, pursuant to 28 U.S.C. § 1332, or federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Plaintiff brings this claim under the False Claims Act, 31 U.S.C. 3729, asserting federal question jurisdiction. The False Claims Act "imposes significant penalties on those who defraud the Government." *Universal Health Services, Inc. v. United States*, 579 U.S. 176, 180 (2016). Here, both parties are private actors; Defendant is a private company with no connection to any federal agency. Plaintiff has not plausibly alleged that Banfield Pet Hospital

2 – ORDER

has made any false or fraudulent statements to a government entity, and therefore, Plaintiff cannot bring a claim under this federal law. This case would be more appropriately filed as a medical negligence action, both of which are state law claims. Since both Plaintiffs and Defendants are Oregon citizens, this Court cannot exercise diversity jurisdiction either. 28 U.S.C. § 1332.

The Court does not have subject matter jurisdiction under federal question or diversity jurisdiction. Because amendment cannot cure this jurisdictional deficiency, Plaintiffs' Complaint, ECF No. 1, is DISMISSED.

IT IS SO ORDERED.

DATED this 14th day of April, 2023.


___s/Michael J. McShane_____
**Michael J. McShane**
**United States District Judge**

3 – ORDER